UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

NEIL CLARK,

    Petitioner,

v.

JASON STREEVAL, Warden,

    Respondent.

Case No. 0:19-cv-077-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Neil Clark is a prisoner who was previously confined at the Federal Correctional Institution (FCI) in Manchester, Kentucky and is now incarcerated at the FCI in Ashland, Kentucky. Proceeding without a lawyer, Clark filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. [D. E. No. 1]. The Respondent filed a response to Clark's habeas petition [D. E. No. 9], and Clark filed a reply brief [D. E. No. 14]. Therefore, Clark's petition is now ripe for a decision by this Court. For the reasons set forth below, the Court will deny Clark's petition.

According to a Discipline Hearing Officer's (DHO's) report, in 2017, prison officials conducted a special investigation regarding the introduction of two cell phones into FCI Manchester. As discussed in detail in the DHO's report, officials interviewed several witnesses, communicated with officers, searched multiple cells,

reviewed documentary and photographic evidence, and took other investigative steps. Ultimately, prison officials concluded that Clark helped arrange for the cell phones to be introduced into FCI Manchester by sending money to a former inmate on the street who purchased the phones and had them thrown over the prison's recreation yard fence. As a result, prison officials completed an incident report and charged Clark with a Code 108 offense for the introduction of a hazardous tool (a cell phone) into the prison. [*See* D. E. No. 11 at 1-4 (DHO's report) and 5-10 (incident report)].

On November 6, 2017, prison officials gave Clark a copy of the relevant incident report, and, four days later, the officials advised him of his rights at an upcoming disciplinary hearing. [*See* D. E. No. 11 at 5, 7-8]. Clark acknowledged that he understood his rights and indicated that he did not want to have a staff representative at his hearing. [*See id.* at 9]. Clark also checked the box indicating that he did not wish to have any witnesses testify on his behalf, but he then listed three inmates as potential witnesses. [*See id.*].

A disciplinary hearing was held a few weeks later. [*See* D. E. No. 11 at 1-4]. At the hearing, Clark waived his right to have the assistance of a staff representative. [*See id.* at 1]. Still, Clark denied the allegations and charge against him. [*See id.*]. Clark also called his three witnesses, who briefly testified on his behalf. [*See id.*]. The DHO considered this testimony, but he also reviewed the other evidence, including but not limited to various statements made by law enforcement officials

and inmates during the course of the special investigation, information from a confidential source, and documentary and photographic evidence. [*See id.* at 2-4 (discussing the evidence at length)]. In the end, the DHO found that the greater weight of the evidence supported the Code 108 charge against Clark. [*See id.* at 4]. Therefore, the DHO ordered that Clark lose 41 days of good conduct time and imposed other sanctions. [*See id.*]. The DHO then advised Clark of his right to appeal his decision, and a copy of the DHO's report was delivered to Clark in February 2018. [*See id.*].

Clark appealed the DHO's decision administratively within the Bureau of Prisons, but his efforts were unsuccessful. Clark then filed his § 2241 petition with this Court, and he asks the Court to expunge the disciplinary conviction against him and restore the 41 days of good conduct time that he lost. [*See* D. E. No. 1].

As an initial matter, despite Clark's claims to the contrary, he has not demonstrated that he was denied certain procedural protections that he was due. Under the law, Clark was entitled to advance notice of the charge against him, the opportunity to present evidence and witnesses in his defense, and a written decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Here, as discussed above, the record reflects that Clark received each of these procedural protections. Indeed, Clark received notice of the charge against him weeks in advance of his disciplinary hearing; he was given the

opportunity to and did, in fact, present evidence and witnesses in his defense; and prison officials provided him with a written decision explaining the grounds used to determine his guilt. [*See* D. E. No. 11 at 1-10]. Thus, Clark's claim that his due process rights were violated is simply unavailing.

The only remaining question then is whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013). This is a very low threshold. After all, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely asks "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (discussing this standard).

In this case, there was certainly some evidence in the record to support the DHO's decision. In fact, the DHO's report details the extensive evidence in this case linking Clark to the offense in question, including but not limited to the various statements made by law enforcement officials and inmates during the course of the special investigation, as well as other documentary and photographic evidence. [*See* D. E. No. 11 at 2-4]. To be sure, Clark complains about the use of information from a confidential source. However, even if that evidence is discounted entirely,

4

there was still enough evidence against Clark to meet the very low threshold applicable here. *See Hill*, 472 U.S. at 454.

In conclusion, Clark has not demonstrated that he was denied certain procedural protections that he was due, and there was more than enough evidence to support the DHO's decision in this case.

Accordingly, it is **ORDERED** as follows:

1. Clark's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This ___ day of January, 2020.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge